UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | C.A. No. 1:04-CV-10672-DPW |

## ANSWER AND COUNTERCLAIM

Defendants, The Black & Decker Corporation ("BDC"), Black & Decker Inc. ("BDI"), Black & Decker (U.S.) Inc. ("BDUS"), Emhart Corporation ("Emhart") and Emhart Industries, Inc. ("EII") (collectively and individually referred to herein, for convenience, as "Black & Decker"), answer the Complaint for Declaratory Judgment and Jury Demand ("Complaint") of plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), with respect to the Mississippi Hearing Loss claim as follows:

Pursuant to the March 19, 2004 Order in <u>Liberty Mutual Insurance Co. v. Black & Decker Corp., et als.</u>, Civil Action No. 96-10804-DPW, requiring that the operative complaint filed in that action be filed as a series of complaints in new actions, each complaint restating the claims and defenses as to one site or claim that had been pleaded prior to March 19, 2004, Black & Decker files this answer and counterclaim. It is the understanding of Black & Decker that the complaint in this action, and the complaints in the other actions filed by Liberty Mutual Insurance Company on April 2, 2004, relate back to the filing of the operative complaint in Civil

Action No. 96-10804 and that the intent of the March 19, 2004 Order was that the new complaints and counterclaims restate, in a different civil action, the allegations concerning specific sites and claims that were the subject of the complaint and counterclaim in Civil Action No. 96-10804-DPW.  Accordingly, unless the context otherwise requires, this answer and counterclaim restates the allegations in the prior answer and counterclaim that relate to this claim.

Further, pursuant to an Order of the Court, Black & Decker will file, in a separate action, its complaint that the conduct of Liberty Mutual, including conduct with respect to this claim, was in violation of Mass. Gen. Laws c. 93A and in breach of its obligation of good faith. Accordingly, those allegations with respect to this claim are not included in this Answer and Counterclaim.

## FIRST DEFENSE

### "PARTIES"

1. Black & Decker admits the allegations of paragraph 1 of the Complaint.

2. Black & Decker admits the allegations of the first and third sentences of paragraph 2 of the Complaint and denies the allegations of the second sentence thereof.

3. Black & Decker admits the allegations of the first sentence of paragraph 3 of the Complaint, admits that BDI is a wholly owned subsidiary of BDC and otherwise denies the allegations of paragraph 3 of the Complaint.

4. Black & Decker admits the allegations of the first sentence of paragraph 4 of the Complaint and denies the allegations of the second sentence of paragraph 4 of the Complaint.

5. Black & Decker admits the allegations of the first and third sentences of paragraph 5 of the Complaint, admits that Emhart is a wholly owned subsidiary of BDI and otherwise denies the allegations of paragraph 5 of the Complaint.

6. Black & Decker admits the allegations of the first sentence of paragraph 6 of the Complaint, admits that EII is a wholly owned subsidiary of Emhart and otherwise denies the allegations of the second sentence of paragraph 6 of the Complaint.

7. Black & Decker denies the allegations of the introduction of paragraph 7 of the Complaint, as all defendants have not owned or controlled all of the following subsidiaries or divisions and/or succeeded to their liabilities. The relationship of specific defendants to specific entities is set forth in greater detail below, as follows:

    a. Black & Decker admits the allegations of paragraph 7(a) of the Complaint.

    b. Black & Decker admits the allegations of paragraph 7(b) of the Complaint.

    c. Black & Decker denies the allegations of paragraph 7(c) of the Complaint.

    d. Black & Decker admits the allegations of paragraph 7(d) of the Complaint.

    e. Black & Decker denies the allegations of paragraph 7(e) of the Complaint.

    f. Black & Decker denies the allegations of paragraph 7(f) of the Complaint.

    g. Black & Decker denies the allegations of paragraph 7(g) of the Complaint.

    h. Black & Decker denies the allegations of paragraph 7(h) of the Complaint.

    i. Black & Decker admits the allegations of paragraph 7(i) of the Complaint.

    j. Black & Decker admits the allegations of paragraph 7(j) of the Complaint.

    k. Black & Decker admits the allegations of paragraph 7(k) of the Complaint.

    l. Black & Decker admits the allegations of paragraph 7(1) of the Complaint.

8. Black & Decker denies the allegations of paragraph 8 of the Complaint.

"JURISDICTION AND VENUE"

9. Black & Decker admits the allegations of paragraph 9 of the Complaint.

10. Black & Decker admits the allegations of the first sentence of paragraph 10 of the Complaint. In response to the allegations of the second sentence of paragraph 10 of the Complaint, Black & Decker states that the claims asserted against it in the Mississippi Hearing Loss Litigation are claims of bodily injury, not claims of environmental pollution, and admits the remaining allegations of the second sentence of paragraph 10 of the Complaint.

11. Black & Decker admits the allegations of paragraph 11 of the Complaint.

"FACTS"

"Policies"

12. In response to the allegations of paragraph 12 of the Complaint, Black & Decker states that Liberty Mutual issued numerous insurance policies, including comprehensive general liability insurance policies and excess liability insurance policies to USM Corporation, BDC, Farrel Corporation, PCI Group, Inc. and MITE Corporation and that Black & Decker has succeeded to the rights of the insureds under the insurance policies that are the subject of the allegations of paragraph 12 of the Complaint.

13. In response to the allegations of paragraph 13 of the Complaint, Black & Decker states that Liberty Mutual has not identified the specific policies to which it refers in paragraph 13 of its Complaint, but that insurance policies issued by Liberty Mutual provided coverage for the claim referenced in the Complaint in this action and that said insurance policies are documents that speak for themselves.

14. In response to the allegations of paragraph 14 of the Complaint, Black & Decker states that it has asserted that Liberty Mutual is obligated under policies of insurance issued to

Black & Decker and/or its predecessors in interest to provide Black & Decker with, <u>inter alia</u>, a defense against, and to indemnify Black & Decker with respect to, the claims, administrative proceedings or lawsuits that are described in the Complaint in this action.

"<u>Mississippi Hearing Loss Claim</u>"

15. Black & Decker admits the allegations of paragraph 15 of the Complaint.

16. Black & Decker denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements" and denies the allegations of paragraph 16 of the Complaint.

17. Black & Decker denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements" and, in response to the remaining allegations of paragraph 17 of the Complaint, states that there is a dispute between Black & Decker and Liberty Mutual regarding the failure of Liberty Mutual to discharge its obligations under the relevant insurance polices with respect to the Mississippi Hearing Loss Claims.

18. Black & Decker denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements." As to the remaining allegations of paragraph 18 of the Complaint, which allege matter that "Liberty Mutual believes," Black & Decker lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies said allegations. Further, if, and to the extent that, Liberty Mutual has such a belief, said belief is erroneous in view of the applicable law and facts.

19. Black & Decker admits the allegations of the first sentence of paragraph 19 of the Complaint. In response to the allegations of the second sentence of paragraph 19 of the Complaint, Black & Decker states that the "position" that "Liberty Mutual reasserts" is erroneous and not warranted in view of the applicable law and facts.

"COUNT I"
"(Declaration of No Further Coverage Obligations)"

20. Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 19 of the Complaint, as if set forth in full herein.

21. Black & Decker denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements" and, in response to the remaining allegations of paragraph 21 of the Complaint, states that there is a dispute between Black & Decker and Liberty Mutual regarding the failure of Liberty Mutual to discharge its obligations under the relevant insurance polices with respect to the Mississippi Hearing Loss Claims.

22. Black & Decker denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements" and denies the allegations of paragraph 22 of the Complaint.

"COUNT II"
"(Declaration of Set-Off of Defendants' Obligations)"

23. Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 22 of the Complaint, as if set forth in full herein.

24. Black & Decker denies that there are "damages or costs which are the responsibility of the defendants and other parties" and denies the allegations of paragraph 24 of the Complaint.

25. Black & Decker denies that there is "any set-off which will be due to Liberty Mutual" and denies the allegations of paragraph 25 of the Complaint.

26. Black & Decker denies the allegations of paragraph 26 of the Complaint.

"COUNT III"
"(<u>Applicability of Certain Policy Terms</u>)"

27.     Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 26 of the Complaint, as if set forth in full herein.

28.     In response to the allegations of paragraph 28 of the Complaint, Black & Decker states that the applicable insurance policies that speak for themselves, denies the existence, validity and/or enforceability of the purported "cost-sharing agreements and/or other arrangements" and denies the allegations of paragraph 28 of the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by its own unclean hands.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by laches.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by its own inequitable conduct.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Liberty Mutual is estopped from seeking the relief that it seeks.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Liberty Mutual has recognized, in certain circumstances and on certain occasions, its obligation to defend and to indemnify under policies of insurance issued by it and has, in certain circumstances, paid, wholly or partially, for the cost of defense and has, in certain circumstances, wholly or partially indemnified Black & Decker under said policies; accordingly, Liberty Mutual is estopped to deny its obligations to defend and to indemnify, and has waived the contention that there is no obligation to defend or to indemnify under said policies.

7

SIXTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by waiver.

SEVENTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by decisions of this Court in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

EIGHTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by its conduct in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

NINTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred as a result of its conduct in violation of Mass Gen. Laws c. 93A and its absence of good faith as alleged in the Black & Decker counterclaim in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW, and as will be alleged in a complaint that, pursuant to an Order of the Court, Black & Decker will file on April 23, 2004.

TENTH AFFIRMATIVE DEFENSE

The claims asserted in Counts II and III of the Complaint are barred as those claims were not pleaded in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW, notwithstanding that Liberty Mutual had ample opportunity to plead such claims in said action.

## **COUNTERCLAIM**

### Parties

1.     Plaintiff-in-counterclaim The Black & Decker Corporation ("BDC") is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

2.     Plaintiff-in-counterclaim Black & Decker Inc. ("BDI") is a corporation organized under the laws of the State of Delaware, having its principal place of business in Newark, Delaware.

3.     Plaintiff-in-counterclaim Black & Decker (U.S.) Inc. ("BDUS") is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

4.     Plaintiff-in-counterclaim Emhart Corporation ("Emhart") is a corporation organized under the laws of the State of Virginia, having its principal place of business in Towson, Maryland.

5.     Plaintiff-in-counterclaim Emhart Industries, Inc. ("EII") is a corporation organized under the laws of the State of Connecticut, having its principal place of business in Towson, Maryland.

6.     Plaintiffs-in-counterclaim (collectively and individually, "Black & Decker") are informed and believe, and therefore aver, that defendant-in-counterclaim Liberty Mutual Insurance Company ("Liberty Mutual") is a corporation organized under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boston, Massachusetts.  Liberty Mutual is engaged in the business of issuing contracts of liability insurance.

## Jurisdiction and Venue

7.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that plaintiff and defendants are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum or value of $75,000.

8.	Venue lies in this Court pursuant to 28 U.S.C. §1391(a).

## Facts

### The Insurance Policies

9.	Black & Decker incorporates the allegations contained in paragraphs 1 through 8 of the Counterclaim, as if set forth in full herein.

10.	Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following General Liability Policies to BDC ("BDC General Liability Policies"), which policies were effective during the periods set forth below:

| TERM | POLICY NUMBER |
| --- | --- |
| 07/01/51 - 07/01/52 | LG1-3914953-* |
| 07/01/52 - 07/01/53 | LG1-3914956-* |
| 07/01/53 - 07/01/54 | LG1-3914956-* |
| 07/01/54 - 07/01/55 | LG1-3914956-* |
| 07/01/55 - 07/01/56 | LG1-3914956-* |
| 07/01/56 - 07/01/57 | LG1-3914956-* |
| 07/01/57 - 07/01/58 | LG1-131-203405-* |
| 07/01/58 - 07/01/59 | LG1-131-203405-* |
| 07/01/59 - 07/01/60 | LG1-131-203405-* |
| 07/01/60 - 07/01/61 | LG1-131-203405-* |

| | |
|---|---|
| 07/01/61 - 07/01/62 | LG1-131-203405-* |
| 07/01/62 - 07/01/63 | LG1-131-010406-152 |
| 07/01/63 - 07/01/64 | LG1-131-010406-153 |
| 07/01/64 - 07/01/65 | LG1-131-010406-154 |
| 07/01/65 - 07/01/66 | LG1-131-010406-155 |
| 07/01/66 - 07/01/67 | LG1-131-010406-156 |
| 07/01/67 - 07/01/68 | LG1-131-010406-157 |
| 07/01/68 - 07/01/69 | LG1-131-010406-158 |
| 07/01/69 - 07/01/70 | LG1-131-010406-159 |
| 07/01/70 - 07/01/71 | LG1-131-010406-150 |
| 07/01/71 - 07/01/72 | LG1-131-010406-151 |
| 07/01/72 - 07/01/73 | LG1-131-010406-152 |
| 07/01/73 - 07/01/74 | LG1-131-010406-153 |
| 07/01/74 - 07/01/75 | LG1-131-010406-154 |
| 07/01/75 - 07/01/76 | LG1-131-010406-155 |
| 07/01/76 - 07/01/77 | LG1-131-010406-156 |
| 07/01/77 - 07/01/78 | LG1-131-010406-157 |
| 07/01/78 - 07/01/79 | LG1-131-010406-158 |

Black & Decker is informed and believes, and therefore avers, that the above policies marked with an "*" may be a part of or incorporated into certain other insurance policies written by Liberty Mutual on behalf of BDC inasmuch as Liberty Mutual wrote coverage for BDC from as early as 1937 and continuing through 1979.

11.	Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following Umbrella Excess Liability Policies to BDC ("BDC Excess Policies"), which policies were effective during the periods set forth below:

| TERM | POLICY NUMBER |
|---|---|
| 07/01/67 - 07/01/70 | LE1-131-010406-427 |
| 07/01/70 - 07/01/73 | LE1-131-010406-420 |
| 07/01/73 - 07/01/75 | LE1-131-010406-423 |
| 07/01/75 - 07/01/76 | LE1-131-010406-425 |
| 07/01/76 - 07/01/77 | LE1- 131-010406-426 |
| 07/01/77 - 07/01/78 | LE1-131-010406-427 |

12.	Black & Decker is informed and believes, and therefore avers, that under each of the BDC General Liability Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

13.	Black & Decker is informed and believes, and therefore avers, that under each of the BDC Excess Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

14.	Black & Decker is informed and believes, and therefore avers, that it and its predecessors in interest have complied with all terms, conditions, prerequisites and other obligations of the BDC General Liability Policies and the BDC Excess Policies (jointly and severally the "BDC Policies").

<u>The Mississippi Hearing Loss Claims</u>

15. In 1991, an action was filed against a number of defendants by current and former employees of the Ingalls Shipyard in Pascagoula, Mississippi in the Circuit Court of Jackson County, Mississippi ("Mississippi Hearing Loss Litigation"). This complaint alleged that the plaintiffs suffered hearing loss from exposure to noise levels while employed at the shipyard.

16. Black & Decker is informed and believes, and therefore avers, that any alleged injury to the claimants in the Mississippi Hearing Loss Litigation attributable to Black & Decker ("Mississippi Hearing Loss Claims") was alleged to be caused by exposure to products manufactured by Black & Decker, was alleged to have occurred at various times covered by the BDC Policies and is within the scope of coverage under the BDC Policies.

17. Black & Decker incurred substantial defense costs, within the meaning of the BDC Policies, with respect to the Mississippi Hearing Loss Claims.

18. Black & Decker is informed and believes, and therefore avers, that the damages asserted by the claimants in the Mississippi Hearing Loss Litigation are within the scope of coverage under the BDC Policies, and that said policies obligated Liberty Mutual to defend and/or indemnify Black & Decker with respect to the Mississippi Hearing Loss Claims. Black & Decker has complied with all applicable terms, conditions, prerequisites and other obligations of the BDC Policies with respect to the Mississippi Hearing Loss Claims.

19. Liberty Mutual received notice of the Mississippi Hearing Loss Claims, including notice dated August 6, 1991.

20. Liberty Mutual failed and refused to provide for the complete cost of defense with respect to the Mississippi Hearing Loss Claims, requiring Black & Decker to pay a portion of the cost of defending those claims.

21. The claims against Black & Decker in the Mississippi Hearing Loss Litigation were dismissed.

22. The failure of Liberty Mutual to defend Black & Decker fully was in breach of its obligations under the BDC Policies. Black & Decker suffered damage as a result of the conduct of Liberty Mutual in breach of its obligations under said BDC Policies.

## COUNT I – BREACH OF CONTRACT

23. Black & Decker incorporates the allegations contained in paragraphs 1 through 22 of the Counterclaim, as if set forth in full herein.

24. Black & Decker is entitled to all benefits of the insurance coverage provided by the BDC Policies, all of which have been in full force and effect at times relevant to this Counterclaim.

25. Black & Decker has given due notice to Liberty Mutual. Liberty Mutual failed to provide for the complete defense of Black & Decker under the BDC Policies with respect to the Mississippi Hearing Loss Claims as required pursuant to Liberty Mutual's obligations under said policies.

26. Liberty Mutual acted in breach of its obligations to provide for the complete defense of Black & Decker under the BDC Policies. Such breach included, but was not limited to, Liberty Mutual's failure to reimburse Black & Decker promptly and completely for defense costs which Black & Decker incurred and paid with respect to the Mississippi Hearing Loss Claims.

27. As the result of Liberty Mutual's breach of its obligations under the BDC Policies, Black & Decker was required to pay its defense costs arising out of the Mississippi Hearing Loss Claims.

28.  As a result of the breach of said obligation by Liberty Mutual, Black & Decker has suffered damage and loss.

29.  As a consequence of said breach of obligations under the BDC Policies by Liberty Mutual, Black & Decker is entitled to recover from Liberty Mutual said damage and loss.

## COUNT II – DECLARATORY JUDGMENT

30.  Black & Decker incorporates the allegations contained in paragraphs 1 through 29 of the Counterclaim, as if set forth in full herein.

31.  An actual controversy exists between Black & Decker and Liberty Mutual with respect to Black & Decker's right to payment of defense costs and/or indemnification for damages and other costs by Liberty Mutual under the BDC Policies resulting from the Mississippi Hearing Loss Claims.

32.  Black & Decker is entitled to a declaration that Liberty Mutual is obligated to pay all further defense costs and to indemnify Black & Decker with respect to the Mississippi Hearing Loss Claims.

## PRAYERS FOR RELIEF

WHEREFORE, defendants The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc., pray that this Court:

1.  dismiss the complaint of Liberty Mutual Insurance Company with prejudice;

2.  declare that Liberty Mutual Insurance Company is obligated to defend The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. with respect to the Mississippi Hearing Loss Claims;

3. declare that Liberty Mutual Insurance Company is severally liable for each policy year for the Mississippi Hearing Loss Claims, and that The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. have the right to select the policy year or years into which to place their claims for defense and/or indemnity, without proration over other policy years by Liberty Mutual Insurance Company;

4. declare that Liberty Mutual Insurance Company is obligated to indemnify The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. of and from all, costs, damages and liabilities in connection with the Mississippi Hearing Loss Claims;

5. award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such damages as they have suffered due to the conduct of Liberty Mutual Insurance Company, plus interest, costs and attorney's fees; and

6. award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such other and further relief as is just and proper.

<u>JURY CLAIM</u>

Defendants claim a trial by jury of all issues in the Complaint and Counterclaim.

By their attorneys,

 /s/Jack R. Pirozzolo            .
Jack R. Pirozzolo BBO# 400400
Richard L. Binder BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470