# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER INC.,<br>BLACK & DECKER (U.S.) INC.,<br>EMHART CORPORATION, and<br>EMHART INDUSTRIES, INC.<br><br>　　　　Defendants. | CIVIL ACTION<br>No. 96-10804-DPW |

### AFFIDAVIT OF RICHARD P. KIDWELL

I, Richard P. Kidwell, hereby depose and say:

1. I am a member of the Bar of the State of Maryland. I am the Managing Attorney - Claims and Litigation for the Johns Hopkins Health System. I have served in that position since January 4, 1994.

2. From 1979 through December 31, 1993, I was an attorney employed by Miles & Stockbridge. During my employment at Miles & Stockbridge, I represented The Black & Decker Corporation and its subsidiaries and related corporations (collectively "Black & Decker") in numerous matters, including issues relating to the so-called Mississippi Hearing Loss Claim

mentioned in the December 4, 1998 Affidavit of Alan Schlemmer, filed in this action.

3. I participated in conversations with Mr. Schlemmer, and representatives of other Black & Decker insurers, relating to possible cost-sharing arrangements pursuant to which the insurers would pay certain percentages of Black & Decker's costs in defending the Mississippi Hearing Loss Claim. I told Mr. Schlemmer that any potential cost-sharing agreement would have to be in writing and executed by a duly authorized representative of Black & Decker. I also told Mr. Schlemmer that, after a draft agreement was prepared, I would review it and, thereafter, present it to Black & Decker with my recommendation as to whether not Black & Decker should execute the agreement.

4. I was not authorized, on behalf of Black & Decker, to enter into a cost-sharing agreement of the type mentioned in the Schlemmer affidavit. I never told Mr. Schlemmer that I was authorized to enter into such an agreement and I made no statement to Mr. Schlemmer that would have caused a reasonable person to believe that I had such authority.

5. Mr. Schlemmer and I had conversations in which we disagreed concerning whether Liberty Mutual Insurance Company ("Liberty Mutual") had issued insurance policies to Black &

Decker that provided coverage during the period 1964-July 1, 1970 (the initial portion of the exposure period pertinent to the claims asserted against Black & Decker in the Mississippi Hearing Loss Claim). Mr. Schlemmer asserted that Liberty Mutual did not have copies of insurance policies that it issued to Black & Decker during the period 1964-July 1, 1970 and stated that Liberty Mutual would not pay a percentage of the defense costs in the Mississippi Hearing Loss Claim that included said period. I advised Mr. Schlemmer that Black & Decker was certain that Liberty Mutual issued insurance policies to Black & Decker during the period 1964-July 1, 1970 (in addition to the policies covering the period July 1, 1970-July 1, 1979 that Liberty Mutual had issued to Black & Decker) that were applicable to the Mississippi Hearing Loss Claim and that Liberty Mutual was obligated to pay, inter alia, the defense costs attributable to the period 1964-July 1, 1970.

6. Attached hereto are copies of my letter to Linda McCroddan dated August 6, 1992 and Mr. Schlemmer's letter to Ms. McCroddan dated July 9, 1992, both referring to discussions between Mr. Schlemmer and me concerning the 1964-1970 policies. Mr. Schlemmer and I never reached agreement concerning that issue.

7. I have reviewed the purported cost sharing agreement, signed only by Mr. Schlemmer, that is Exhibit D to the Schlemmer affidavit. I would not have recommended that Black & Decker enter into a cost sharing agreement in that form. In particular, I would not have recommended that Black & Decker enter into an agreement containing the "Contribution Percentages" in Section III of Schlemmer Exhibit D if the agreement also contained the provision, in Section IX of Schlemmer Exhibit D, that "[p]ayment for defense costs of Hearing Loss Claims made pursuant to this Agreement shall be final and will not be reallocated". Such an agreement would have been unacceptable to me due to Black & Decker's certainty that Liberty Mutual had issued insurance policies to Black & Decker during the period 1964-1970. In order for a potential cost-sharing agreement to be acceptable, it would have to provide either that Liberty Mutual would pay a "Contribution Percentage" reflecting that it was Black & Decker's insurer during at least the period 1964-July 1, 1979 or that Black & Decker was entitled to seek reallocation of the "Contribution Percentages" based upon the Liberty Mutual insurance policies covering the period 1964-July 1, 1970.

8. The following statement in paragraph 33 of the Schlemmer affidavit is false:

4

In late 1994 or early 1995, I contacted Richard Kidwell of Miles & Stockbridge, Black & Decker's counsel, to determine why we had not received any bills for incurred costs, pursuant to the cost-sharing agreement. Mr. Kidwell informed me that if there were any more bills which needed to be paid, we would be so informed; otherwise, Liberty Mutual's obligations pursuant to the cost-sharing agreement would be complete.

9. I had no conversations with Mr. Schlemmer during the period "late 1994 or early 1995". I have been employed by Johns Hopkins Health Systems, not Miles & Stockbridge, continuously since January 4, 1994 and did not represent Black & Decker during that period. I never spoke with Mr. Schlemmer during the course of my employment at Johns Hopkins Health Systems.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 1999.

Richard P. Kidwell

5

TOTAL P.02