# EXHIBIT X

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER INC.,<br>BLACK & DECKER (U.S.) INC.,<br>EMHART CORPORATION, and<br>EMHART INDUSTRIES, INC.<br>Defendants. | CIVIL ACTION<br>No. 96-10804-DPW |

### AFFIDAVIT OF JOHN PARKER SWEENEY

I, John Parker Sweeney, depose and say:

1. I am a member of the bars of the District of Columbia, the states of Maryland and New York, the United States Supreme Court, the United States Courts of Appeals for the District of Columbia, Second, Fourth, Tenth and Eleventh Circuits, the United States District Courts for the Districts of Maryland and the District of Columbia and the United States Court of International Trade.

2. I am a principal in the law firm of Miles & Stockbridge, P.C. and have been the attorney at Miles & Stockbridge with primary responsibility for coordinating and directing the defense of The Black & Decker Corporation and its subsidiaries and affiliates (collectively "Black & Decker") in

the Long-Term Exposure Claims at issue in this action, including the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim. Information concerning those claims is contained in my declaration dated February 5, 1998, filed in support of Black & Decker's motion for partial summary judgment. A copy of that declaration, without exhibits, is attached hereto as Exhibit A.

3. I have reviewed the December 4, 1988 affidavit of Alan Schlemmer, particularly the section entitled "Mississippi Hand/Arm Vibration Claims", paragraphs 34-38 of the Schlemmer Affidavit.

4. Black & Decker never agreed with its insurers that the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim "would be treated as a single mass litigation", as asserted in paragraph 34 of the Schlemmer Affidavit. To the contrary, at Black & Decker's direction, Miles & Stockbridge maintained separate records concerning the legal services that it rendered in representing Black & Decker in those two actions. Miles & Stockbridge submitted separate invoices for the services that it rendered in each of those two actions. Also at Black & Decker's direction, I instructed Black & Decker's local counsel in the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim, to do the same and, based on my review of their invoices, local counsel also

submitted separate invoices for services rendered in each of the two actions.

5. In both the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim, the plaintiffs asserted claims against eleven defendants, including Black & Decker. "Joint defense meetings", such as those mentioned in paragraph 35 of Mr. Schlemmer's affidavit, were meetings among representatives of many different defendants, not meetings limited to Black & Decker and Black & Decker's insurers. Some of Black & Decker's insurers, including Liberty Mutual Insurance Company ("Liberty Mutual"), also insured certain other corporations that were defendants in the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim.

6. Mr. Schlemmer and I both attended certain joint defense meetings relating to the Mississippi Hearing Loss Claim and the Mississippi Hand/Arm Vibration Claim. During those meetings, Mr. Schlemmer frequently spoke of his interest in American Pneumatic, a defendant insured by Liberty Mutual, but never spoke about his interest in Black & Decker. Once American Pneumatic settled those cases, I do not recall that Mr. Schlemmer appeared at any additional joint defense meetings that I attended. In any event, the purpose of these joint defense meetings was to discuss issues of strategy common to the defendants who were represented at the meetings. During these joint defense meetings, there were no discussions concerning

3

issues involving only Black & Decker, such as the payment of Black & Decker's defense costs.

7. I never discussed the subject of a purported cost-sharing agreement concerning the Mississippi Hand/Arm Vibration Claim, much less made any agreement concerning that subject, with Mr. Schlemmer, or any other representative of Liberty Mutual, at joint defense meetings or on any other occasion. No member of the Black & Decker risk management staff, or any other employee or representative of Black & Decker, discussed that subject, or made any agreement concerning that subject, with Mr. Schlemmer, or any other representative of Liberty Mutual, in my presence.

8. I represented Black & Decker in connection with the defense of the Mississippi Hearing Loss Claim and Mississippi Hand/Arm Vibration Claim. I did not represent Black & Decker concerning insurance coverage issues with respect to those claims, although I occasionally received correspondence concerning such issues. I had no authority, on behalf of Black & Decker, to enter into the type of purported agreement mentioned in paragraph 35 of the Schlemmer affidavit, I never told Mr. Schlemmer that I had such authority and I made no statement that could have caused a reasonable person to believe that I had such authority. In fact, as previously stated, I never even discussed the subject of such a purported agreement

4

with Mr. Schlemmer.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 1999.

*John Parker Sweeney*

5